Glendell BOOZER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–01297–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1993.

Discretionary Review Refused
May 12, 1993.

John H. Beeler, Richmond, for appellant.

John B. Holmes, Jr., Alan Curry, Robin Brown, Houston, for appellee.

Before COHEN, MIRABAL and PRICE *, JJ.

## OPINION

COHEN, Justice.

A jury convicted Boozer of possession of cocaine weighing less than 28 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) and 481.102(3)(D) (Vernon 1992). The trial judge found two enhancement paragraphs true, and sentenced Boozer to 35 years in prison. Boozer contends the trial court committed fundamental error in submitting

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

a jury instruction on reasonable doubt that did not fully conform to the requirements imposed by *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App.1991). We affirm.

Trial began on November 18, 1991. On November 19, the trial judge gave a six-paragraph jury instruction on reasonable doubt. The first paragraph stated:

> All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at such person's trial. The law does not require a defendant to prove his innocence or produce any evidence at all. *The presumption of innocence alone is sufficient to acquit the defendant.*

(Emphasis added.) In the reported *Geesa* opinion, that final sentence of the required charge reads: "The presumption of innocence alone is sufficient to acquit the defendant, *unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.*" 820 S.W.2d at 162 (emphasis added). *Geesa* says that "this instruction shall be submitted to the jury in all criminal cases, even in the absence of an objection or request by the State or the defendant, whether the evidence be circumstantial or direct." *Id.* The instruction here conformed with the *Geesa* requirements except for omission of the language italicized above. Boozer asserts that omission requires reversal.

■ Boozer did not object on this basis at trial. Absent an objection, we generally reverse only if the error is so egregious that it caused an unfair trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (op. on reh'g).

■ Boozer contends he does not have to show harm because, under *Geesa*, the entire charge is "mandated by a defendant's right, under federal and state constitutions,

to a fair trial;" thus, he contends, there is an "irrebuttable presumption" of egregious harm. We disagree.

*Geesa* does not establish an irrebuttable presumption of harm. The *Geesa* opinion did not mention any automatic, irrebuttable presumption of harm (much less egregious harm) from failure to charge on reasonable doubt. We consider its holding—that the reasonable doubt instruction is required in all cases even without objection or request, to mean that omitting the instruction will always be considered *properly preserved error*, and will therefore require reversal if there is *any* harm to the accused. *Almanza*, 686 S.W.2d at 171. In other words, *Geesa* establishes an irrebuttable presumption against waiver, not any presumption of harm. This is consistent with the *Almanza* court's holding that, "To the extent that it holds any charge error requires 'automatic' reversal, *Cumbie v. State*, 578 S.W.2d 732 (Tex.Crim.App.1979) is overruled, as are all other opinions inconsistent herewith." *Almanza*, 686 S.W.2d at 174. Moreover, the harm in *Geesa* was caused by omitting the *entire* instruction, not a small portion of it.

■ We turn now to the merits of appellant's point of error. The Court of Criminal Appeals opinion service for the November 6, 1991, publication date shows that *Geesa*, as originally released in slip opinion form on that date, set forth an instruction identical to the instruction given here on November 19, 1991. The Court of Criminal Appeals opinion service for the November 26, 1991, publication date shows that after the release of the original slip opinion, but before publication of the decision in the Southwestern Reporter, the Court of Criminal Appeals amended its opinion [1] by adding the phrase, "unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case." We take judicial notice of the November 26, 1991, amendment to the *Geesa* opinion. Tex.R.Crim.Evid. 201(b)(2) and (f).

■ The rules announced in *Geesa* have only "limited prospectivity" and apply to

---

1. See Appendix.

that case and "all cases tried hereafter." 820 S.W.2d at 163–65. Therefore, we hold that the requirement to give the corrected instruction applies only to the *Geesa* case itself and cases tried after the November 26, 1991, correction. The jury charge here was delivered on November 19, 1991.

We hold that the trial judge did not err in failing to include the missing clause in the instruction he gave on reasonable doubt.

■ There is a second, independent reason why appellant's conviction must be affirmed. Boozer was not harmed by the omission.

The amended reasonable doubt instruction is less favorable to a criminal defendant than the version appellant's jury received. The added clause, "unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt," makes it *less likely* that a jury will acquit based on the presumption of innocence alone. Any error was not merely harmless; it was beneficial to appellant.

We hold that there was neither error nor harm. TEX.R.APP.P. 81(b)(2).

Appellant's sole point of error is overruled.

The judgment is affirmed.