Howard LOHMULLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 854–96.

Court of Criminal Appeals of Texas, En Banc.

June 4, 1997.

Howard Lohmuller, Dallas, pro se.

Cindy Hellstern, Asst. Dist. Atty., Waxahachie, Matthew Paul, State's Atty., Austin, for State.

McCORMICK, Presiding Judge, dissenting on refusal of state's petition for discretionary review.

I dissent to the refusal of the State's petition for discretionary review. I would grant the State's petition for discretionary review and reverse the judgment of the Court of Appeals. In *Geesa v. State*, 820 S.W.2d 154 (Tex.Cr.App.1991), a majority of this Court held that an instruction defining reasonable doubt should be given in all cases, even in the absence of an objection or request. I would hold that a trial court's failure to instruct the jury on beyond a reasonable doubt as prescribed by *Geesa* now constitutes a jury charge error and, accordingly, is sub-

---

ject to harm analysis under Article 36.19 [1], V.A.C.C.P., and *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App.1984).

In this case, the Waco Court of Appeals reversed appellant's conviction on grounds that the trial court had failed to give a definitional instruction on reasonable doubt as required by *Geesa.* Following its previous decision in *Kieschnick v. State,* 911 S.W.2d 156, 163 (Tex.App.-Waco 1995, no pet.)(opinion on rehearing), the Waco Court expressly held that such *"Geesa error"* is not subject to harm analysis. *Lohmuller v. State,* 921 S.W.2d 457, 462 (Tex.App. Waco, 1996).

The holding reached by the Waco Court of Appeals is consistent with the decision handed down by this Court in *Reyes v. State,* 938 S.W.2d 718 (Tex.Cr.App.1996). However, *Reyes* is inconsistent with statutory and prior case law.

The case at bar involves a trial court's failure to instruct the jury on beyond a reasonable doubt in the jury charge. Failure to charge on the definition of reasonable doubt is a violation of Article 36.14's requirement that the trial court deliver to the jury a written charge distinctly setting forth the law applicable to the case. Thus, the harm analysis of Article 36.19 is applicable to the present case.

The issue of harm analysis was resolved by our decision handed down in *Almanza.* *Almanza* held that a two part test would be applicable to jury charge error under Article 36.19. *Almanza,* 686 S.W.2d at 174. The first step in the analysis is to find error in the court's charge to the jury. The second step is to evaluate the harm to the defendant from the error.

The Court in *Reyes* refused to follow *Almanza.* In fact, in one paragraph of a footnote, the Court disregarded the *Almanza* analysis.[2] Instead, the Court chose to rely on *Geesa* "(believing) that ... the *Geesa* Court intended to create an absolute systematic requirement that every charge, when the burden of proof required by the jury to find guilt beyond a reasonable doubt, contain the definitional instruction on reasonable doubt." *Reyes,* 938 S.W.2d at 720. Moreover, the Court held that "failure to submit such an instruction is automatic reversible error." *Reyes,* at 721. However, while *Geesa* did prescribe instructing the jury in the charge on beyond a reasonable doubt when the burden of proof required the jury to find guilt beyond a reasonable doubt, it did not address the issue of harm analysis as provided for by the second step in *Almanza.* Thus, the Court's "belief" in *Reyes* of what the *Geesa* Court intended is another example of judicial creation that is in conflict with the express language of Article 36.19 and *Almanza,* and is a matter that is properly for the Legislature to decide.

The Court in *Reyes* also relied on *Marin v. State,*[3] 851 S.W.2d 275 (Tex.Cr.App.1993), in reaching its conclusion that failure to give the *Geesa* instruction requires automatic reversal. *Reyes,* 938 S.W.2d at 720. However, the Court's interpretation of *Marin* in *Reyes* is in direct contradiction with this Court's recent decision of *Matchett v. State,* 941 S.W.2d 922 (Tex.Cr.App.1996). In *Matchett* this Court held:

> "Finally, this case is not controlled by *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.App. 1984)(Op'n on Reh'g), as the dissent suggests. *Reyes,* 938 S.W.2d at 723–724. In *Almanza,* we interpreted Tex.Code Crim.Proc. art. 36.19. *Id.,* 686 S.W.2d at 160. But, our holding in *Geesa* was not mandated by statute. Therefore, neither art. 36.19 nor *Almanza* was implicated by *Geesa."*

1. V.A.C.C.P. Article 36.19 provides:

   "Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was *calculated to injure the rights of defendant,* or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial." (Emphasis added).

2. *Reyes,* 938 S.W.2d at 721. Footnote 10 states:

3. *Marin* involved the issue of whether the failure of a trial judge to allow appointed counsel ten days of trial preparation, as prescribed by Article 1.051(e), V.A.C.C.P., could be raised for the first time on appeal.

"We also disavow any interpretation of *Marin* ... which suggest that a Rule 81(b)(2) harm analysis is inappropriate when an absolute legislative mandate like Article 26.13(a) is violated ... That the nature of some legislative mandates and fundamental rights will resist creation of a record from which to meaningfully assess the effects of their violation, does not justify precluding attempts by the State to establish that under the facts of a particular case, the error was *in fact* harmless beyond a reasonable doubt ... Rather than foreclose the application of harm analysis to whole categories of error on grounds that it is theoretically impossible to conduct a meaningful harm analysis, we believe it wiser to allow for a case by case determination of whether in fact a meaningful harm analysis is possible." (Emphasis original).

The proper harm analysis for jury charge error is whether "the error appearing from the record was calculated to injure the rights of the defendant."[4] Article 36.19. Thus, the reviewing court should review "any part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused."[5] *Almanza* at 174.

Based on the foregoing, I would hold that failure to instruct the jury on beyond a reasonable doubt is subject to the harm analysis provided for in *Almanza* and in accordance with Article 36.19, V.A.C.C.P. Because of the inconsistencies and contradictions in our cases addressing this issue, I respectfully dissent to refusal to grant the State's petition for discretionary review.

KELLER, J., joins this dissent.

---

4. See *Boozer v. State,* 848 S.W.2d 368 (Tex. App.—Houston [1st Dist.] 1993), where the Court concluded that the defendant was actually benefitted from the court's failure to instruct the jury on beyond a reasonable doubt. *Boozer,* at 369.

5. In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Almanza,* 686 S.W.2d at 171.