ACCEPTED
06-14-00116-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/4/2015 2:46:09 PM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
6/4/2015 2:46:09 PM
DEBBIE AUTREY
Clerk

**JOSEPH JOHN GRUBBS,**
APPELLANT

v.

**THE STATE OF TEXAS,**
APPELLEE

§
§
§
§
§
§
§
§
§
§

**Nos. 06-14-00116-CR**
**06-14-00117-CR**

---

## STATE'S BRIEF

---

FROM THE 354TH JUDICIAL DISTRICT COURT
HUNT COUNTY, TEXAS

TRIAL CAUSE NUMBERS 29,725 & 29,417
THE HONORABLE RICHARD A. BEACOM, JUDGE PRESIDING

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**KELI M. AIKEN**
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
kaiken@huntcounty.net
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

**IF COURT GRANTS**
**APPELLANT'S REQUEST FOR**
**ORAL ARGUMENT THEN**
**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................... i

INDEX OF AUTHORITIES.........................................................................ii–iii

SUMMARY OF THE STATE'S ARGUMENTS ..................................................... 2

STATE'S RESPONSE TO POINT OF ERROR ONE ....................................... 3–12
The evidence is legally sufficient to sustain Appellant's convictions for unlawful possession of a firearm by a felon and fraudulent use or possession of identifying information.

PRAYER AND CERTIFICATES .................................................................. 13–14

# INDEX OF AUTHORITIES

Federal Cases

*Dewberry v. State*, 4 S.W.3d 735 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S.
    1131 (2000). ................................................................................................. 3

*Jackson v. Virginia*, 433 U.S. 307, 319, 99 S.Ct. 2781 (1979).............................. 3

State Cases

*Chambers v. State*, 711 S.W.2d 240 (Tex. Crim. App. 1986). ................................ 4

*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)....................................... 3

*Davis v. State*, 313 S.W.3d 317 (Tex. Crim. App. 2010). ...................................... 5

*Fernandez v. State*, 805 S.W.2d 451 (Tex. Crim. App. 1991)................................. 4

*Hines v. State*, 978 S.W.2d 169 (Tex. App.—Texarkana, no pet.).......................... 3

*Johnson v. State*, 23 W.W.3d 1 (Tex. Crim. App. 2001)......................................... 3

*Nguyen v. State*, 54 S.W.3d 49 (Tex. App.—Texarkana 2001, *reversed on other
    grounds*)................................................................................................... 5

*Poindexter v. State*, 153 S.W.3d 402 (Tex. Crim. App. 2005). .............................. 4

*Threadgill v. State*, 146 S.W.3d 654 (Tex. Crim. App. 2004)................................. 3

*Watson v. State,* 204 S.W.3d 404, 415 (Tex. Crim .App. 2006).............................. 4

Statutes

Tex. Pen. C. § 1.07(a)(39) (Vernon 2015).............................................................. 4

Tex. Pen. C. § 6.01(b) (Vernon 2015) ................................................................... 4

TEX. PEN. C. § 32.51(b)(1) (Vernon 2015)...........................................................10

TEX. PEN. C. § 32.51 (b-1)(1) (Vernon 2015)......................................................10

TEX. PEN. C. § 32.51 (c)(1) (Vernon 2015).........................................................10

TEX. PEN. C. § 46.04(a)(1) (Vernon 2015).............................................................4

## IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

| | | |
|---|---|---|
| **JOSEPH JOHN GRUBS,** | § | |
| APPELLANT | § | |
| | § | |
| v. | § | **Nos. 06-14-00116-CR** |
| | § | **06-14-00117-CR** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| APPELLEE | § | |

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the State of Texas, Appellee, in this appeal from Cause Nos. 29,725 & 29,417 in the 354th Judicial District Court in and for Hunt County, Texas, Honorable Richard A. Beacom, Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Court in support of the judgment of sentence in the court below.

1

# SUMMARY OF THE STATE'S ARGUMENTS

The evidence is legally sufficient to sustain Appellant's convictions for felon in possession of a firearm and possession of identifying information. The State proved every required element of the offenses beyond a reasonable doubt and provided sufficient affirmative links to show Appellant possessed the firearm.

As the evidence is legally sufficient to sustain both of Appellant's convictions, the State requests that the Court affirm both of Appellant's sentences.

## STATE'S RESPONSE TO POINT OF ERROR ONE

**The evidence is legally sufficient to sustain Appellant's convictions for unlawful possession of a firearm by a felon and fraudulent use or possession of identifying information.**

### Argument and Authorities

The proper standard of review to determine legal sufficiency is whether the evidence would support the verdict when viewed in the light most favorable to the verdict. *Johnson v. State*, 23 W.W.3d 1, 7 (Tex. Crim. App. 2001). In other words, if a reasonable trier of fact could have found beyond a reasonable doubt the essential elements of the crime, the verdict will be deemed legally sufficient. *Clewis v. State*, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996); *Hines v. State*, 978 S.W.2d 169, 172 (Tex. App.—Texarkana, no pet.).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts. *Jackson v. Virginia*, 433 U.S. 307, 319, 99 S.Ct. 2781 (1979); *Threadgill v. State*, 146 S.W.3d 654, 663 (Tex. Crim. App. 2004). When performing a legal sufficiency review, the court may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and substituting its judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000).

Finally, the court must consider all of the evidence submitted before the jury, including inadmissible evidence. *Watson v. State,* 204 S.W.3d 404, 415 (Tex. Crim .App. 2006). Specifically, the Court held that "once the trier of fact has weighted the probative value of unobjected-to hearsay evidence in its fact finding process, an appellate court cannot deny that evidence probative value or ignore it in a review of the sufficiency of the evidence. *Poindexter v. State,* 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (citing *Fernandez v. State,* 805 S.W.2d 451, 453–56 (Tex. Crim. App. 1991) and *Chambers v. State,* 711 S.W.2d 240, 245–47 (Tex. Crim. App. 1986).

## A. The State proved every required element for the offense of unlawful possession of a firearm by a felon beyond a reasonable doubt.

A person commits the offense of Unlawful Possession of a Firearm if they have been convicted of a felony offense and possess a firearm after conviction and before the fifth anniversary of their release from confinement, supervision, parole or mandatory supervision, whichever is later. TEX. PEN. C. § 46.04(a)(1) (Vernon 2015). Possession means "actual care, custody, control or management." TEX. PEN. C. § 1.07(a)(39) (Vernon 2015). Possession is voluntary if the possessor knowingly obtains or receives the thing possessed or is aware of his or her control of the thing for a time sufficient to terminate his or her control. TEX. PEN. C. § 6.01(b) (Vernon 2015). The State must show affirmative links that demonstrate a

defendant's possession of a firearm. Those links include whether: 1) the contraband was conveniently accessible to the accused; 2) the contraband was in plain view; 3) the contraband was found on the same side of the car as the accused; and 4) affirmative statements connecting the accused to the contraband. *Nguyen v. State*, 54 S.W.3d 49, 53 (Tex. App.—Texarkana 2001, *reversed on other grounds*).

The indictment required proof at guilt-innocence of the following elements: 1) On or about the 12th day of August, 2013; 2) in Hunt County, Texas; 3) Joseph John Grubbs; 4) having been convicted of the felony offense of Burglary of a Habitation on the 5th day of April, 2011 in cause number 27,269 in the 354th Judicial District Court of Hunt County, Texas; 5) intentionally or knowingly possessed a firearm; and 6) before the fifth anniversary of Joseph Grubb's release from confinement following conviction of said felony or the defendant's release from supervision under community supervision, parole or mandatory supervision, whichever date is later.

### 1. Deputy Jay Shallow told the jury that the offense occurred on April 12, 2013 in Hunt County, Texas.

Deputy Shallow told the jury he responded to the scene and arrested Appellant on April 12, 2013 in Hunt County, Texas. RR10/45–55. The 911 call that caused Deputy Shallow to go to the scene was made on April 12, 2013. SE1; RR10/pp. 38–42.

## 2. The jury heard evidence from both Deputy Shallow and Ms. Land identifying Joseph John Grubbs as the person arrested for this offense.

Deputy Shallow identified Appellant for the jury and testified that Appellant was the man the deputy arrested for these charges. RR10/47–55. When the deputy first arrived only Ms. Land and Appellant were in the front yard. RR10/p.74–75. Ms. Land identified Appellant for the jury and told them Appellant was with her at the house when the deputy arrived. RR10/pp.87–89. Ms. Land also told the jury that while her cousin was on the porch initially, he went inside once the fight occurred and left her and Appellant in the front yard arguing. RR10/pp.89–90.

## 3. The jury reviewed a copy of Appellant's conviction for the underlying felony - Burglary of a Habitation.

The judgment for Cause 27,269 was admitted into evidence, without objection, and showed that Appellant had a final conviction for the offense of Burglary of a Habitation dated April 5, 2011 and convicted in the 354th Judicial District Court of Hunt County, Texas as alleged in the indictment. SE9; RR10/pp. 26–27

Inv. Mike Johnston, a fingerprint expert, collected a sample of Appellant's fingerprints and compared them to Appellant's fingerprint on the judgment showing his conviction for Burglary of a Habitation as alleged in the indictment. SE 9–10. Inv. Johnston explained to the jury that Appellant was the person

convicted for Burglary of a Habitation and positively identified the Appellant both in person and based on his fingerprint. SE 9–10; RR10/pp. 24–26.

Furthermore, after discovering the gun, Deputy Shallow ran Appellant's criminal history and discovered he was a convicted felon. RR10/pp. 53–54. Ms. Land told the jury that Appellant was a convicted felon and could not possess a firearm or he would go to jail. RR10/pp.93–94.

### 4. The State established sufficient affirmative links to show Appellant's possession of the firearm.

First, the gun was in plain view and conveniently accessible to the accused in that it was on the ground and out in the open. The jury saw the actual gun and bullets recovered as well as photographs of the items. SE 2, 4, 5 and 6; RR10/pp.54–65. The jury also viewed Deputy Shallow's in car video showing Appellant coming from behind the vehicle as the deputy arrived. SE7; RR10/pp.65–68. Deputy Shallow told the jury he found the gun and cards on the side of the vehicle where Appellant came from when he arrived. RR10/pp.68–69. The items were together on the grass next to and a little bit underneath the vehicle Appellant came from but were in plain view to the deputy. RR10/p.69, lines 5–12. The video also shows Deputy Shallow bringing the evidence back to secure it. RR10/pp.69–70.

Next, the firearm was found on the same side of the car where Appellant came from. Deputy Shallow searched the area in front of the house behind two

7

vehicles parked at the house because that is where he first saw Appellant. RR10/pp. 50–51. Deputy Shallow recovered a gun "in the same area I saw him come from." RR10/p.51, lines 17–20. The weapon was a Raven .25 caliber pistol and the deputy found five debit and credit cards that were from five different people. RR10/p.51, lines 21–25. Deputy Shallow testified that in his years as a peace officer this was the first time he encountered a .25 caliber gun and that they were rare based on his experience. RR10/p.52, lines 1–23. The gun was loaded and had a round in the chamber. RR10/p.53, lines 5–9.

Furthermore, Mr. Robertson (the 911 caller) made affirmative statements connecting Appellant to the weapon. The neighbor, Mr. Robertson's, 911 call was published to the jury and they heard Mr. Robertson say that the male was holding gun to the female's head in the front yard where they were fighting. SE1; RR10/pp. 38–42, and 95–96. When Deputy Shallow responded to the 911 call he saw Appellant coming from behind some vehicles and Ms. Land crying. RR10/pp. 47–48. Deputy Shallow told the jury that the demeanor of Appellant and Ms. Land were consistent with what he would expect in a domestic disturbance case. RR10/p.48, lines 7–10. While neither Appellant nor Ms. Land admitted a gun was used or that an assault occurred, the deputy still detained Appellant and searched for the gun based on the 911 caller saying a gun was used. RR10/pp. 49–50.

Finally, Appellant was directly tied to the gun recovered in that he possessed a bullet matching the exact caliber of a rare gun and that was identical to the bullet recovered from the chamber. When preparing Appellant for transport, the deputy noticed that Appellant had a bullet in his hand. RR10/p. 55, lines 1–11. The bullet was .25 caliber and matched the bullet that the deputy found in the chamber of the gun recovered at the scene. RR10/p. 55, lines 7–20. Appellant had the bullet clenched in one of his hands behind his back when it was discovered by Deputy Shallow. RR10/pp.70–71. Both Deputy Shallow and Inv. Roger Seals also testified that a .25 caliber gun was not a common firearm on the streets. RR10/pp. p.52, lines 1–23 and p.117, lines 11–19.

### 5. The jury heard ample testimony that Appellant's possession of the firearm was before the fifth anniversary of his release from confinement, supervision or parole.

Finally, in viewing Appellant's prior conviction, the jury could see that Appellant was sentenced on April 5, 2011 for a three year prison sentence with one hundred and sixty seven days credit. Therefore, even if Appellant were released from custody on the day of conviction, he still could not lawfully possess a firearm under this section for five years or April 5, 2016. The offense in this case occurred on August 12, 2013- within the five year time frame where Appellant could not possess a weapon.

As the jury heard and saw sufficient evidence to prove each element of the offense of Unlawful Possession of a Firearm by a Felon, as alleged in the indictment, this conviction should be affirmed.

**B. The State proved every required element for the offense of fraudulent use or possession of identifying information beyond a reasonable doubt.**

A person commits the offense of Fraudulent Use or Possession of Identifying Information if, with intent to harm or defraud another, he obtains, possesses, transfers, or uses an item of identifying information of another person without the person's consent. TEX. PEN. C. § 32.51(b)(1) (Vernon 2015). Furthermore, the accused is presumed to have the intent to harm or defraud another if the actor possesses the identifying information of three or more other persons. TEX. PEN. C. § 32.51 (b-1)(1) (Vernon 2015). Finally, if the person obtains, possess, transfers or uses less than five items the offense is a state jail felony. TEX. PEN. C. § 32.51 (c)(1) (Vernon 2015).

The indictment required proof of the following elements at the guilt stage: 1) On or about the 12th day of August, 2013; 2) in Hunt County, Texas; 3) Joseph John Grubbs; 4) possessed at least five items of identifying information, namely: a.) Amanda Young's American National Bank Visa; b) Laura Richardson's Chase Visa; c) Thomas Pressly's Signature Visa; d) Danny Cox' Capital One Visa Card; or e) Cheryl Parker's Wells Fargo Visa.

1. **The jury heard proof that the offense occurred on April 5, 2013 in Hunt County, Texas and that Appellant was the person arrested for these offenses.**

Deputy Shallow told the jury he responded to the scene and arrested Appellant on April 12, 2013 in Hunt County, Texas in response to a 911 call. SE1; RR10/pp.38–42 and 45–55. Both Deputy Shallow and Ms. Land identified Appellant for the jury and told them Appellant was at the scene when the deputy arrived. RR10/pp.44–55, 74–75 and 87–89.

2. **The jury saw and heard ample proof that Appellant possessed at least five items of identifying information from the individuals named in the indictment.**

Deputy Shallow searched the area in front of the house behind two vehicles parked at the house where he first saw Appellant when he arrived at the scene. RR10/pp. 50–51. The deputy recovered a gun and five different debit and credit cards from five different individuals "in the same area I saw him come from." RR10/p.51, lines 17–25. None of the people whose names were on the cards resided in the house where they were found. RR10/p. 53, lines 9–17.

At trial, the jury saw the photos of the gun and credit cards recovered at the crime scene. SE 4, 5 and 6; RR10/pp.54–61. State's exhibit 6 is a photo of the debit and credit cards that were recovered beside the gun. SE6; RR10/pp. 60–61.

11

The gun and cards were found in plain view together on the grass next to, and a little underneath, a vehicle. RR10/p. 61, lines 1–16.

The jury also saw the actual debit and credit cards recovered in this case. SE3; RR10/pp.63–65. Ms. Land verified that she had not possessed either the gun or the cards that day and did not put them under the vehicle. RR10/pp.91–92. Amanda Young, one of the debit card owners, testified that she lost her debit card at a gas station and she had never given Appellant permission to use it. RR10/pp.126–128.

As the jury heard and saw sufficient evidence to prove each element of the offense of Fraudulent Use or Possession of Identifying Information, as alleged in the indictment, this conviction should be affirmed.

## PRAYER

The State prays that the Court will affirm Appellant's sentences.

Respectfully submitted,

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**/s/ Keli M. Aiken**
**KELI M. AIKEN**
Assistant District Attorney
P. O. Box 441
4th Floor, Hunt County Courthouse
Greenville, TX 75403
State Bar No. 240434482
(903) 408-4180
FAX (903) 408-4296

13

# CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief and contains 2,395 words, and was prepared on Microsoft Word 2013.

**/s/ Keli M. Aiken**
KELI M. AIKEN
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

# CERTIFICATE OF SERVICE

A true copy of the State's brief has been placed in Mr. Jason Duff's box in the Hunt County District Clerk's Office on June 4, 2015, pursuant to local rules.

**/s/ Keli M. Aiken**
KELI M. AIKEN
First Assistant District Attorney