**Robert James PIZZINI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00948–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 16, 1998.

Rehearing Overruled Oct. 29, 1998.

Raymond E. Fuchs, San Antonio, for Appellant.

Barbara Hervey, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and ANGELINI, JJ.

**OPINION**

ANGELINI, Justice.

Robert James Pizzini was tried by a jury and convicted of aggravated robbery with a deadly weapon. The jury assessed punish-

---

ment at five years incarceration and a $10,-000.00 .fine. In one point of error, Pizzini appeals the conviction by challenging the sufficiency of the evidence. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of July 3, 1995, Stacy Wood was leaving a local night club when she was approached by two men who asked her if she wanted to "party" with them. She agreed. One of the men got into a white car and the other man got into Wood's car with Wood. Before Wood entered her vehicle, however, she retrieved her gun from the trunk. She placed the gun under the front seat and began to drive, following her passenger's directions.

As Wood drove, the man in her car suddenly grabbed her car keys and her gun. He threw the keys out of the car, put Wood in a "head lock," pointed the gun at her, and demanded all of her jewelry. During the struggle, the man struck Wood on the head with the gun several times. Wood managed to escape from the car, and the man left the scene with both Wood's gun and her jewelry. The gun was described as a Lorcin .380 caliber semi-automatic pistol. The gun was eventually located and traced to Pizzini. After Wood identified Pizzini from a photographic lineup, Pizzini was indicted for aggravated assault with a deadly weapon.

### ARGUMENT AND AUTHORITY

In his sole point of error, Pizzini contends that the evidence is insufficient to prove that he committed the offense as charged in the indictment. Specifically, the indictment alleged that Pizzini committed aggravated robbery by "using and exhibiting a deadly weapon, namely: A FIREARM, TO–WIT: A HANDGUN." According to Pizzini, the State failed to prove the use of a handgun.

■ The State is not required to allege that the offense was committed with a firearm or a handgun in order to charge an individual with aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 1994) (providing that a person commits aggravated robbery by committing robbery while using or exhibiting a deadly weapon). However, where the State chooses to include unnecessary descriptions of a material element of the offense in the indictment, the State is bound to prove the description alleged. *Gomez v. State,* 685 S.W.2d 333, 336 (Tex.Crim.App. 1985).

The State contends that this case should be controlled by the recent decision of the court of criminal appeals in *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App.1997). In *Malik,* the court held that sufficiency of the evidence should be measured against a hypothetically correct jury charge. *Id.* at 240. Therefore, according to the State, we should measure the sufficiency of the evidence in this case only by what the State was required to prove in order to obtain a conviction for aggravated robbery—the commission of a robbery while using or exhibiting a deadly weapon.

■ We do not read *Malik* so broadly. The State would have each case evaluated against a hypothetically correct jury charge regardless of errors in the indictment. Nothing in *Malik* suggests that it operates to defeat the charging instrument. Absent a specific indication to the contrary from the court of criminal appeals, we must conclude that the hypothetically correct jury charge con-templated in *Malik* is based on the indictment as returned by the grand jury. Accordingly, *Malik* may not be used to release the State from its burden of proving each element of the offense as charged in the indictment. In this case, because the indictment alleged the use of a handgun, the State was required to prove the use of a handgun beyond a reasonable doubt. *See Benavides v. State,* 763 S.W.2d 587, 588 (Tex.App.—Corpus Christi, 1988, pet. ref'd).

Pizzini argues that the evidence is insufficient to prove the use of a handgun because the gun at issue was never actually identified as a "handgun." While it is true that the gun was never specifically referred to as a handgun during trial, it was identified as a pistol, a firearm, and a Lorcin .380. Pistol is defined as "a short firearm, intended to be aimed and fired from one hand." BLACK'S LAW DICTIONARY 1148 (6th ed.1990). The Texas Penal Code defines handgun as "any

firearm that is designed, made, or adapted to be fired with one hand." TEX. PENAL CODE ANN. § 46.01 (5) (Vernon 1994). Based on these definitions, the meanings of handgun and pistol are sufficiently similar that, if the State proved the use of a pistol, the jury could reasonably infer the use of a handgun. *See Benavides,* 763 S.W.2d at 589 (noting that the fact finder may draw reasonable inferences and make reasonable deductions from the evidence as presented to it within the context of the crime).

Furthermore, the gun was admitted into evidence and examined by the jury. The jury could have easily determined that the gun was a handgun based upon its observation of the gun itself. Under these circumstances, we find that the evidence was sufficient to prove the use of a handgun as charged in the indictment. Pizzini's point of error is overruled and the judgment of the trial court is affirmed.