Bryan Roland HOITT, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00138–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 28, 2000.

Decided Aug. 29, 2000.

Ebb B. Mobley, Longview, for appellant.

Tim Cone, Upshur County Dist. Atty., Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

DONALD R. ROSS, Justice.

Bryan Hoitt appeals his conviction for assault on a public servant, enhanced by a prior felony conviction to a second degree felony.[1] He entered a plea of not guilty, but was found guilty by the jury. At the punishment phase, he pled true to the enhancement paragraph of the indictment, and the jury then assessed his punishment at five years' confinement. The court sentenced him in accordance with the jury's verdict, but "[t]o be served consecutively after sentence in Cause No. 12,256."

1. TEX. PEN.CODE ANN. § 22.01(b)(1) (Vernon
   Supp.2000); TEX. PEN.CODE ANN. § 12.42(a)(3)

The record reveals that late one evening Hoitt broke into the home of Sidney Pool, knocked Pool down, demanded "sweet milk," carried him outside, and sat on top of him while he demanded keys to a pickup truck. Pool's brother Moody heard the commotion from next door and came to Sidney's aid. Moody was able to get Hoitt off of his brother, and Hoitt fled toward a neighboring home. That home belonged to Yevon Meador, who awoke to hear a man in her carport screaming for the keys to her pickup truck. Meador called 9–1–1, and Deputy Sheriff Larry Fortson and City of Gilmer police officer Matt Alford responded to the call. The location to which they were dispatched was outside the city limits of Gilmer.

Fortson and Alford testified that when they arrived at Meador's residence, they saw Hoitt standing in the carport. The officers confronted Hoitt and told him he was under arrest. A struggle ensued in which Hoitt broke away, jumped a nearby fence, and ran into a pasture. The officers persuaded Hoitt to return, but when they again tried to subdue him, he broke away and returned to the pasture. Eventually, the officers cornered Hoitt in the carport and were able to place him in custody. Alford testified that during one of the altercations, Hoitt hit him in the face and kicked him, and that he also received abrasions on his hands and fingers. It was because of these injuries suffered by Alford that Hoitt was charged with aggravated assault on a public servant.

■ In his first point of error, Hoitt contends that Alford was not a public servant because he was outside his jurisdiction, the City of Gilmer. To constitute an assault on a public servant, the actor must (1) know the person is a public servant, and (2) assault the person while he or she is lawfully discharging an official duty. TEX. PEN.CODE ANN. § 22.01(b)(1) (Vernon

(Vernon Supp.2000).

Supp.2000). The actor is presumed to know the person is a public servant if the person is wearing a distinctive uniform or badge indicating the person's employment as a public servant. TEX. PEN.CODE ANN. § 22.01(d) (Vernon Supp.2000).

TEX. PEN.CODE ANN. § 1.07(a)(41)(A) (Vernon 1994), provides:

(41) "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if he has not yet qualified for office or assumed his duties:

(A) an officer, employee, or agent of government.

■ A municipal police officer is a public servant within the meaning of the Penal Code. *McCoy v. State*, 932 S.W.2d 720, 723 (Tex.App.Fort Worth 1996, writ ref'd). Hoitt contends that *McCoy* is distinguishable because the police officer in that case was acting within the limits of his jurisdiction.

The State contends that a city police officer has jurisdiction to make warrantless arrests throughout the county in which the city is located. *See Angel v. State*, 740 S.W.2d 727, 733 (Tex.Crim.App. 1987); *see also Perkins v. State*, 812 S.W.2d 326, 327 (Tex.Crim.App.1991); *Thomas v. State*, 864 S.W.2d 193, 195–96 (Tex.App.Texarkana 1993, pet. ref'd). However, the applicable statute has been changed. *See Yeager v. State*, 23 S.W.3d 566, 571, n. 3 (Tex.App.Waco 2000, no pet. h.); *Preston v. State*, 983 S.W.2d 24, 26 (Tex.App.Tyler 1998, no pet.).

The State also contends that under TEX. CODE CRIM. PROC. ANN. art. 14.03(d) (Vernon Supp.2000), which gives peace officers who are outside their jurisdiction authority to arrest without a warrant a person who commits a felony offense in their presence, Alford had authority to arrest Hoitt when Hoitt assaulted Fortson. We agree.

Fortson testified that he approached Hoitt in Meador's carport and told him he was under arrest. He testified that he then reached for Hoitt, who tried to grab him. Fortson testified that he feared Hoitt was reaching for Fortson's gun, so he pushed Hoitt back and sprayed him with pepper spray. Hoitt then charged Fortson and knocked him to the ground.

As a witness to these events, Alford had authority under Article 14.03 to arrest Hoitt even though Alford was outside the Gilmer city limits. We overrule Hoitt's first point of error.

■ In his second point of error, Hoitt contends that there is legally and factually insufficient evidence to show that Alford was lawfully attempting to arrest him. In reviewing the legal sufficiency of the evidence, we look to see whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); *Lane v. State*, 933 S.W.2d 504, 507 (Tex.Crim.App.1996). We must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim.App.1993).

■ In reviewing the factual sufficiency of the evidence, we view all the evidence without the prism of "in the light most favorable to the prosecution," and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim. App.1996); *Hines v. State*, 978 S.W.2d 169, 172 (Tex.App.-Texarkana 1998, no pet.). If we find the evidence factually insufficient, we reverse and remand the cause for a new trial. *Clewis*, 922 S.W.2d at 135; *Hines*, 978 S.W.2d at 173.

■ We may not reweigh the evidence and set aside the jury verdict merely because we feel that a different result is more reasonable. *Clewis*, 922 S.W.2d at 135; *Hines*, 978 S.W.2d at 173. Addition-

ally, when there is conflicting evidence, the fact finder's verdict on such matters is generally regarded as conclusive. *Hines,* 978 S.W.2d at 173. As the Texas Court of Criminal Appeals commented recently in *Johnson v. State,* 23 S.W.3d 1, 5 (Tex. Crim.App. 2000):

> [T]he reviewing court must always remain cognizant of the fact finder's role and unique position, a position that the reviewing court is unable to occupy. The authority granted in *Clewis* to disagree with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice. Otherwise, due deference must be accorded the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence.

■ The indictment charged Hoitt with assaulting Alford while Alford was "lawfully exercising an official duty; to wit: attempting to arrest [Hoitt]." The jury was charged accordingly. Hoitt contends that, therefore, "the crucial question is whether [Alford] was lawful in his attempt to arrest" him.

We disagree that deciding whether Alford was conducting a lawful arrest when Hoitt assaulted him is necessary to determining whether Alford was "lawfully discharging an official duty" as the assault of a public servant statute requires. It is enough that Alford was present on the scene pursuant to his lawful duty to respond to citizens' calls. Nevertheless the indictment alleged and the jury was charged to find Hoitt guilty if it believed that Alford was "lawfully exercising an official duty; to wit: attempting to arrest [Hoitt]."

■ Allegations in an indictment that are not essential to constitute the offense are treated as mere surplusage and do not need to be proven by the State. *Whetstone v. State,* 786 S.W.2d 361, 364 (Tex.Crim.App.1990); *Burrell v. State,* 526 S.W.2d 799, 802 (Tex.Crim.App.1975). An exception to this rule is that the State must prove an unnecessary fact alleged in an indictment when the fact describes an essential element of the offense. *Whetstone,* 786 S.W.2d at 364; *Burrell,* 526 S.W.2d at 802.

■ The Texas Court of Criminal Appeals has also held that sufficiency of the evidence must be measured against a hypothetically correct jury charge. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which Hoitt was tried. *Id.*

Two courts of appeals have split over whether the *Malik* requirement that sufficiency of the evidence be measured against a hypothetically correct jury charge overrules the *Burrell* requirement that the State prove an unnecessary fact alleged in the indictment that describes an essential element of the offense. *Phelps v. State,* 999 S.W.2d 512, 518 (Tex.App.Eastland 1999, no pet.), held that *Malik* overruled *Burrell* and its progeny. *Leal v. State,* 975 S.W.2d 636, 640 (Tex.App.San Antonio 1998, pet. ref'd), held that there was factually insufficient evidence that the defendant committed theft without the effective consent of the owner, namely, by deception. The court held that a hypothetically correct jury charge would have included the "by deception" language, even though it was unnecessary to prove theft, because the State alleged it in the indictment. *Id.; see also Pizzini v. State,* 981 S.W.2d 367, 368 (Tex.App.San Antonio 1998, pet. ref'd).

■ *Malik* and *Burrell* can be harmonized by the language in *Malik* requiring that the hypothetically correct jury charge against which legal sufficiency is measured be one that is "authorized by the indictment." *Malik,* 953 S.W.2d at 240. When

the State alleges more than is required, and the additional allegation describes an essential element of the offense, a hypothetically correct jury charge would include the additional allegation. Such a hypothetically correct jury charge would not "unnecessarily increase the State's burden of proof" because the State made the additional allegation.

The Texas Court of Criminal Appeals applied this reasoning in *Planter v. State*, 9 S.W.3d 156, 159 (Tex.Crim.App.1999), where it held that the proof at trial did not comport with the conduct alleged in the indictment and set out in the jury charge. In that case, the indictment alleged and the jury was charged to find the defendant guilty if it believed that the defendant "requested, commanded and attempted to induce Lex Baquer to engage in specific conduct, namely, to kill Bob Fratt[a]." *Id.* The evidence showed, however, that the defendant attempted to solicit Baquer to pay the defendant to kill Fratta. *Id.* The court stated that the State cannot "ignore the indictment as the basis for the allegations which must be proved." *Id.* n. 5.

In this case, a hypothetically correct jury charge would include the phrase "to wit: attempting to arrest [Hoitt]." That phrase was alleged in the indictment and is descriptive of the State's theory of the official duty that Alford was exercising, even though it was unnecessary to a correct charge on the elements of the offense. Therefore, the State was required to prove that Alford was conducting a lawful arrest in order for the jury to properly find that Alford was "lawfully exercising an official duty."

As stated earlier, to constitute an assault on a public servant, the actor must (1) know the person is a public servant, and (2) assault the person while he or she is lawfully discharging an official duty. Tex. Pen.Code Ann. § 22.01(b)(1). The actor is presumed to know the person is a public servant if the person is wearing a distinctive uniform or badge indicating the

person's employment as a public servant. Tex. Pen.Code Ann. § 22.01(d).

There is sufficient evidence that Alford was recognizable as a public servant. He testified that he was on duty and responded to a call to back up Fortson. He testified that he was wearing his uniform and driving a marked patrol car. Both officers testified that they identified themselves as police officers. Therefore, we must decide whether Alford was lawfully exercising a public duty by attempting to arrest Hoitt.

Fortson testified that he responded to two "calls," one at Meador's residence and the other at Sidney Pool's residence; that he arrived at Meador's residence; that when he and Alford first saw Hoitt he was "standing in back of the—between the front of the truck and the wall of the carport," and that he told Hoitt he was under arrest "because we had the other problem at the [Sidney Pool] residence." Alford testified that they approached Hoitt, identified themselves as police officers, and asked him to place his hands on the truck in the carport. It was at this point that Hoitt assaulted the two officers.

Sidney Pool testified that Hoitt broke into his house, knocked him down, picked him up, carried him outside, threw him on the ground, and sat on top of him demanding keys to his pickup truck. Moody Pool testified that he heard his brother's cries for help and was able to knock Hoitt off of Sidney. Moody Pool identified Hoitt in court; Sidney Pool could not.

Hoitt contends that neither Alford nor Fortson testified that they knew what had happened at Sidney Pool's residence when they arrived at Meador's residence. He also contends that when the officers approached him, he was just standing in Meador's carport. The officers immediately placed him under arrest. He contends that the evidence is insufficient to demonstrate that this arrest was made with probable cause.

Viewing the evidence in the light most favorable to the jury's verdict, however, we hold that a rational trier of fact could have concluded beyond a reasonable doubt that Fortson and Alford knew the nature of the incident at Sidney Pool's house. Fortson testified that he was responding to calls at both Meador's house and Pool's house, and that he and Alford placed Hoitt under arrest because of the incident at Pool's house.

Viewing the evidence in a neutral light, we hold that the jury's verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Hoitt did not present any evidence or argument that his arrest was made without probable cause. The jury was entitled to infer from the evidence that Fortson and Alford knew enough about the incident at Sidney Pool's house to make a legal arrest. We overrule Hoitt's second point of error.

■■■ In his third point of error, Hoitt contends that the trial court erred in admitting the testimonies of Sidney Pool and Moody Pool over his objection. Such evidence, Hoitt contends, is evidence of other bad acts that is inadmissible under Tex.R. Evid. 403 and 404(b). The State contends that the testimony is "same transaction contextual evidence," necessary to a complete understanding of the offense.

■■■ We review a trial court's decision to admit evidence with an abuse of discretion standard. *Santellan v. State*, 939 S.W.2d 155, 168–69 (Tex.Crim.App. 1997). As long as the trial court's ruling was within the "zone of reasonable disagreement," there is no abuse of discretion and the trial court's ruling will be upheld. *Id.* at 169.

Tex.R. Evid. 404(b) states that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, the State may seek to admit the evidence for "other purposes," such as those outlined in Rule 404(b). "Other purposes" include proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Tex.R. Evid. 404(b).

■■■ The Texas Court of Criminal Appeals has held that background evidence may be an "other purpose" and, therefore, admissible under Rule 404(b). *Mayes v. State*, 816 S.W.2d 79, 86 (Tex.Crim.App. 1991). Before background evidence is admissible under Rule 404(b), however, it must be relevant under Tex.R. Evid. 401.[2] *Rogers v. State*, 853 S.W.2d 29, 32 (Tex. Crim.App.1993). If relevant, then the issue is whether the background evidence should be admitted as an "other purpose" under Rule 404(b). *Id.*

■■■ The Texas Court of Criminal Appeals has grouped background evidence into two categories: (1) same transaction contextual evidence and (2) background contextual evidence. *Mayes*, 816 S.W.2d at 86–87; *Rogers*, 853 S.W.2d at 32. Same transaction contextual evidence is admissible where:

> several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others.

*Mayes*, 816 S.W.2d at 86–87 n. 4. Same transaction contextual evidence should only be admitted to the extent that it is necessary to the jury's understanding of the offense or when the facts and circumstances of the offense would make little or no sense without also bringing in this evidence. *England v. State*, 887 S.W.2d 902, 915 (Tex.Crim.App.1994); *Rogers*, 853 S.W.2d at 33.

**2.** Tex.R. Evid. 401 defines relevant evidence as " evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

■ On the other hand, background contextual evidence "fill[s] in the background of the narrative and give[s] it interest, color, and lifelikeness." *Mayes,* 816 S.W.2d at 87. This type of evidence is admitted because of the "salutary effects it has on the jury's comprehension of the offense in question" and not out of necessity but out of judicial grace. *Id.* However, "propensity" evidence, i.e., character evidence that tends to prove that an accused acted in conformity therewith, offered as background contextual evidence, is not admissible because the rationale behind admitting such evidence that it is "helpful to a jury" is not an "other purpose" under Rule 404(b). *Id.* at 88.

In the present case, the testimonies of the Pool brothers were relevant to show a continuing criminal transaction—Hoitt's attempt to steal a vehicle. The evidence showed that at both Sidney Pool's and Meador's residences Hoitt demanded keys to a pickup truck.

This testimony was also useful as background contextual evidence in that it shows why the officers were present at Meador's house—in response to *two* calls they had received. However, this reason by itself would not otherwise justify admission of character evidence under Rule 404(b). *See id.*

Nevertheless, the testimonies of Sidney Pool and Moody Pool were admissible under Rule 404(b). First, their testimonies were admissible to show Hoitt's motive, intent, and plan to steal a vehicle. Second, their testimonies show Hoitt's motive in resisting arrest and in assaulting Alford. Finally, their testimonies were admissible as same transaction contextual evidence in that they show that Hoitt's actions were part of one continuing criminal transaction. We overrule Hoitt's third point of error.

---

3. Hoitt does not challenge the apparent inconsistency in the judgment. We note, however, that the Texas Court of Criminal Appeals has held that an order stating, "the sentence pronounced herein shall begin this date. Said Sentence to be served after serving the sentence in Cause No. 11,720–A," was valid.

■ In his final point of error, Hoitt contends that the trial court did not properly cumulate the sentence in this case with another sentence. He contends that there is not enough information in the judgment to show with which other sentence the sentence in the present case is to be cumulated.

At the end of trial, the trial court pronounced sentence of five years' confinement and ordered that sentence to run consecutively with "a prior sentence that Mr. Hoitt has received." The judgment reflects that the sentence was to begin on July 21, 1999, the date of judgment. However, the judgment also states that the sentence is "[t]o be served consecutively after sentence in Cause No. 12,256." [3]

The trial court has discretion to stack sentences for two different offenses. TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp.2000). A cumulation order should be sufficiently specific to allow prison officials and the defendant to identify the prior conviction with which the newer conviction is cumulated. *Williams v. State,* 675 S.W.2d 754, 763 (Tex.Crim.App.1984) (opinion on reh'g); *Ward v. State,* 523 S.W.2d 681, 682 (Tex.Crim.App.1975). The order should include: (1) the trial court number of the prior conviction; (2) the correct name of the court where the prior conviction was taken; (3) the date of the prior conviction; (4) the term of years of the prior conviction; and (5) the nature of the prior conviction. *Banks v. State,* 708 S.W.2d 460, 461 (Tex.Crim.App.1986); *Ward,* 523 S.W.2d at 682; *Phillips v. State,* 488 S.W.2d 97, 99 (Tex.Crim.App. 1972).

These requirements are not absolute, and cumulation orders containing less in-

---

*Stokes v. State,* 688 S.W.2d 539, 541 (Tex. Crim.App.1985). "The phrase 'the sentence pronounced herein shall begin this date' was used to mean simply that the sentence came into existence that day, and was a valid sentence as of that date." *Id.*

formation have been held valid. *See, e.g., Stokes v. State,* 688 S.W.2d 539, 540–41 (Tex.Crim.App.1985) (order contained only the cause number and the court of the prior conviction); *Ex parte Shields,* 371 S.W.2d 395, 395 (Tex.Crim.App.1963) (order contained the cause number, the date, and the court of the prior conviction); *Ex parte Daffern,* 162 Tex.Crim. 472, 286 S.W.2d 151, 151 (1956) (order contained only the date and the court of the prior conviction). When the cumulation order is made in the same court in which the prior sentence was imposed, the order is sufficient when it contains only the previous cause number. *Ex parte San Migel,* 973 S.W.2d 310, 311 (Tex.Crim.App.1998); *Ex parte Davis,* 506 S.W.2d 882, 883–84 (Tex. Crim.App.1974); *Hamm v. State,* 513 S.W.2d 85, 86–87 (Tex.Crim.App.1974); *Ex parte March,* 423 S.W.2d 916, 919 (Tex. Crim.App.1968), *overruled on other grounds, Gordon v. State,* 575 S.W.2d 529, 531 n. 2 (Tex.Crim.App. [Panel Op.] 1978); *Ex parte Lewis,* 414 S.W.2d 682, 683 (Tex. Crim.App.1967).

In the present case, the trial court's signed judgment and its oral pronouncement are deficient in that they only mention a cause number. The State contends that cause number 12,256 arose out of the same court as the present case. However, the State fails to refer to any evidence in the record from which we can draw this conclusion. No mention is made in the record of the court in which the prior conviction was entered, the date of that conviction, the sentence, or the nature of the offense.

Cases finding a cumulation order sufficient where the order contains only the cause number, but where the order was made in the same court in which the prior sentence was imposed are distinguishable. In those cases, there was evidence in the record showing that each offense was tried in the same court. *See Ex parte Davis,* 506 S.W.2d at 883–84; *Hamm,* 513 S.W.2d at 86–87; *Ex parte March,* 423 S.W.2d at 919; *Ex parte Lewis,* 414 S.W.2d at 683.

Recently, the Texas Court of Criminal Appeals required that a habeas applicant demonstrate that he was harmed by a deficiency in the cumulation order. *Ex parte San Migel,* 973 S.W.2d at 311. In that case, the trial court cumulated the sentence with "Cause Number from Williamson County case." *Id.* at 310 n. 1. The court held that the applicant must show that the Texas Department of Criminal Justice (TDCJ) is improperly cumulating the sentences in order for the cumulation order to be void. *Id.*

We see no principled basis on which to distinguish the court's holding in *San Migel* from the present case. Hoitt has not demonstrated or even alleged that TDCJ is improperly cumulating his sentences for the two offenses. Therefore, we overrule his fourth point of error.

The judgment is affirmed.