ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 1, 2004

The Honorable Robert E. Talton
Chair, Urban Affairs Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0256

Re: Whether a commissioned peace officer employed by the state or a political subdivision violates section 36.07 of the Penal Code by working off-duty for a private employer (RQ-0206-GA)

Dear Representative Talton:

Commissioned peace officers in this state have long engaged in the practice of supplementing their incomes as commissioned peace officers by working during their off-duty hours as private security guards.[1] Section 36.07 of the Penal Code, however, prohibits the acceptance of honoraria by public servants. *See* TEX. PEN. CODE ANN. § 36.07 (Vernon 2003). You ask whether commissioned peace officers employed by the state or by political subdivisions of the state who are also employed off-duty as private security guards violate section 36.07 by accepting compensation for their off-duty employment; essentially, you ask whether such compensation constitutes a prohibited "honorarium" in violation of section 36.07 of the Penal Code. *See* Request Letter, *supra* note 1, at 2.[2]

I. Relevant Law and Analysis

A. Decisional Law Construing Section 36.07 of the Penal Code

Section 36.07 of the Penal Code prohibits "a public servant" from soliciting, accepting, or agreeing to accept an honorarium "in consideration for services that the public servant would not have been requested to provide but for the public servant's official position or duties." TEX. PEN. CODE ANN. § 36.07(a) (Vernon 2003). The section provides:

---

[1]*See* Letter from Honorable Robert E. Talton, Chair, Urban Affairs Committee, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Apr. 2, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]We are addressing only commissioned peace officers who are *employees* of the state or a political subdivision of the state, not a commissioned peace officer who is an *officer* of the state or a political subdivision of the state, such as a county sheriff. This office recently held that a county sheriff could not contract personally to provide security to a private entity. *See* Tex. Att'y Gen. Op. No. GA-0101 (2003) at 2-3.

> (a) A public servant commits an offense if the public servant solicits, accepts, or agrees to accept an honorarium in consideration for services that the public servant would not have been requested to provide but for the public servant's official position or duties.
>
> (b) This section does not prohibit a public servant from accepting transportation and lodging expenses in connection with a conference or similar event in which the public servant renders services, such as addressing an audience or engaging in a seminar, to the extent that those services are more than merely perfunctory, or from accepting meals in connection with such an event.
>
> (c) An offense under this section is a Class A misdemeanor.

*Id.* § 36.07. The phrase "public servant" is defined to mean, *inter alia,* "an officer, employee, or agent of government," *id.* § 1.07(a)(41)(A),[3] and includes a commissioned peace officer employed by a political subdivision. *See, e.g., Hoitt v. State,* 28 S.W.3d 162 (Tex. App.–Texarkana 2000), *pet. dism'd, improvidently granted,* 65 S.W.3d 59 (Tex. Crim. App. 2001).[4] Chapter 36 of the Penal Code, which governs bribery and corrupt influence, at no place defines "honorarium," but two attorney general opinions have defined the term. *See* Tex. Att'y Gen. Op. Nos. DM-397 (1996) at 3, H-551 (1975) at 4. The Hill opinion, on which the Morales opinion relied, defined "honorarium" as follows:

---

[3]Section 1.07(a)(41) of the Penal Code defines "public servant":

"Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if he has not yet qualified for office or assumed his duties:

(A) an officer, employee, or agent of government;

(B) a juror or grand juror; or

(C) an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy; or

(D) an attorney at law or notary public when participating in the performance of a governmental function; or

(E) a candidate for nomination or election to public office; or

(F) a person who is performing a governmental function under a claim of right although he is not legally qualified to do so.

TEX. PEN. CODE ANN. § 1.07(a)(41) (Vernon 2003).

[4]For purposes of the Penal Code, "'[p]eace officer' means a person elected, employed, or appointed as a peace officer under Article 2.12, Code of Criminal Procedure, Section 51.212 or 51.214, Education Code, or other law." *Id.* § 1.07(a)(36).

> An honorarium . . . is sometimes defined as a payment or reward, usually in recognition of services on which custom or propriety forbids any fixed business price to be set. It may be a free gift or gratuitous payment, as distinguished from hire or compensation for services. . . . Thus, the word is commonly used to embrace both the concept of gift and of compensation.

Tex. Att'y Gen. Op. No. H-551 (1975) at 4 (citations omitted). Chapter 36 does define "benefit" for purposes of that chapter:

> "Benefit" means anything reasonably regarded as pecuniary gain or pecuniary advantage, including benefit to any other person in whose welfare the beneficiary has a direct and substantial interest.

TEX. PEN. CODE ANN. § 36.01(3) (Vernon 2003). Therefore, for purposes of chapter 36, "honorarium" falls within the definition of "benefit."

No court cases or advisory opinions issued either by this office or by the Texas Ethics Commission, which has specific authority to issue advisory opinions construing chapter 36 of the Penal Code,[5] have addressed whether section 36.07 applies to commissioned peace officers working off-duty. Thus, the matter is one of first impression.

Even assuming *arguendo* that the legislature intended section 36.07 of the Penal Code to apply to commissioned peace officers working off-duty, we do not believe that the test for violation of that section is met in the typical peace officer off-duty employment situation based upon Texas Ethics Commission advisory opinions issued construing section 36.07 of the Penal Code.[6] Simply put, under section 36.07, a public employee may not accept compensation for any service or work performed if he is asked to provide it because of his official position. In other words, as long as the public servant's public job is not the reason that he is asked to perform the service or work at issue, payment for the service or work would not be prohibited under section 36.07. *See* Op. Tex. Ethics Comm'n Nos. 425 (2000), 416 (1999), 374 (1997), 273 (1995), 41 (1992). The Texas Ethics Commission has held that when the basis of the request to provide service or work was the public

---

[5]The Texas Ethics Commission is authorized by section 571.091 of the Government Code to issue advisory opinions on a specific group of Texas statutes, including chapter 36 of the Penal Code. *See* TEX. GOV'T CODE ANN. § 571.091(a)(8) (Vernon Supp. 2004). The commission is not authorized to issue opinions regarding provisions other than those set forth in section 571.091. *See, e.g.,* Op. Tex. Ethics Comm'n No. 416 (1999) at 1 n.1.

[6]We note that section 571.096 of the Government Code, which is part of subchapter D of chapter 571 governing the issuance of advisory opinions by the Texas Ethics Commission, expressly provides that the "authority of the commission to issue an advisory opinion does not affect the authority of the attorney general to issue an opinion as authorized by law" and, indeed, that the commission shall rely on opinions issued by the attorney general and by the courts of this state. *See* TEX. GOV'T CODE ANN. § 571.096(a), (c) (Vernon 1994). For purposes of this opinion, we accept as provisionally correct the application of the advisory opinions to the statutes that the Texas Ethics Commission is empowered by law to construe, not because this office is required to consider such advisory opinions as precedent, but because those advisory opinions typically apply those statutes only to specific factual situations.

servant's expertise or knowledge, one may infer that the public servant's public job was not the reason or motive of the person seeking the services or work. *See* Op. Tex. Ethics Comm'n Nos. 312 (1996), 305 (1996), 294 (1995). Given the rigorous training and certification required of commissioned peace officers under chapter 1701 of the Occupations Code, the officer's expertise or knowledge most likely serves as the reason for which his services are sought. Accordingly, no violation of section 36.07 exists. We cannot state categorically as a matter of law, however, that no violation of section 36.07 could ever occur.

We note that numerous court decisions hold that a Texas peace officer remains a peace officer twenty-four hours a day and possesses the full powers of a peace officer in the presence of criminal activity. *See, e.g., Wood v. State*, 486 S.W.2d 771, 774 (Tex. Crim. App. 1972) ("It is the law in this state that a police officer's 'off-duty' status is not a limitation upon the discharge of police authority in the presence of criminal activity."); *Simms v. State*, 319 S.W.2d 717, 719 (Tex. Crim. App. 1958); *City of Dallas v. Half Price Books, Records, Magazines, Inc.*, 883 S.W.2d 374, 377 (Tex. App.–Dallas 1994, no writ) ("An off-duty police officer who observes a crime immediately becomes an on-duty police officer.") (*citing Hafdahl v. State*, 805 S.W.2d 396, 401 (Tex. Crim. App. 1990)); *see also* Tex. Att'y Gen. Op. No. JM-140 (1984) at 3 (peace officer employed in a private capacity was acting as a peace officer when he apprehended suspect).

Thus, an off-duty peace officer engaged as a private security officer who observes a crime becomes an on-duty police officer in the eyes of the law. We do not believe that the mere knowledge on the part of an employer that an off-duty commissioned peace officer is empowered to effect arrests for the commission of crimes committed in his presence would support a prosecution under section 36.07 of the Penal Code. In that instance, it is reasonable to believe that the offer of employment is made because of the commissioned peace officer's specialized knowledge or expertise, rather than merely because he is a public servant.

**B.      The Legislature's Evident Intention to Exempt Commissioned Peace Officers from the Ambit of Section 36.07**

However doubtful it is that a prosecution could be sustained under section 36.07 against a commissioned peace officer who works off-duty, we believe it is unlikely that the legislature ever intended for a commissioned peace officer's acceptance of compensation for off-duty work or services to fall within the ambit of the honorarium prohibition, as a general rule. We note that the practice of permitting outside employment is a long-standing one, having been recognized by many opinions and decisions of this office, as well as by various Texas courts, and the legislature has never taken any action to prohibit the practice. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0466 (2002), DM-327 (1995), DM-287 (1994), DM-212 (1993), JM-140 (1984), MW-236 (1980); Tex. Att'y Gen. LO-97-111, LO-97-069; Tex. Att'y Gen. ORD-456 (1987); Tex. Att'y Gen. ORL-7848 (2003). *See also State ex rel. Hightower v. Smith*, 671 S.W.2d 32, 35 n.1 (Tex. 1984); Tex. Att'y Gen. Op. No. GA-0101 (2003) at 2-3. Indeed, the legislature has expressly permitted the practice by enacting two statutory provisions, one applying to commissioned peace officers employed by the Texas Department of Public Safety ("DPS") and the second applying to all commissioned peace officers employed by the state or by political subdivisions of the state.

With respect to commissioned peace officers employed by DPS, those commissioned peace officers expressly are authorized to work off-duty under reasonable conditions adopted by the department. Section 411.0077 of the Government Code sets forth guidelines and restrictions on certain off-duty activities of DPS officers and provides the following:

> (a) During the period that the officer is off duty, a commissioned officer of the department is entitled to attend educational programs or courses or to engage in any outside employment that does not adversely affect the operations or the reputation of the department. The rights of a commissioned officer under this section are subject to any reasonable department requirements that the officer be accessible to the department during off-duty periods for the possible performance of official duties.

> (b) The department shall adopt reasonable guidelines relating to acceptable off-duty employment. The guidelines shall be uniformly applied to all supervisory and nonsupervisory commissioned officers.

> (b-1) If the department denies approval of a commissioned officer's secondary employment or proposed secondary employment, the director or the director's designee must promptly notify the officer in writing of the specific guideline adopted under Subsection (b) on which the department's decision is based. The notice must explain why the secondary employment or proposed secondary employment is prohibited by the referenced guideline.

> (c) If a commissioned officer is engaged in off-duty employment that the officer believes, in good faith, is not prohibited by a specific guideline adopted under Subsection (b), the officer is authorized to engage in the off-duty employment until the director or the director's designee informs the officer in writing that the employment is not acceptable.

TEX. GOV'T CODE ANN. § 411.0077 (Vernon Supp. 2004).

Moreover, such commissioned officers are permitted to wear their official state uniforms while engaging in off-duty employment. Section 411.0078 of the Government Code permits a commissioned officer employed by DPS to wear his state uniform while performing certain off-duty activities:

> (a) An officer commissioned by the department may purchase from the department at fair market value a uniform to be used by the officer while providing law enforcement services for a

person or entity other than the department. If an officer who purchased a uniform under this subsection leaves the service of the department for any reason, the officer shall return the uniform to the department. The department shall pay the officer the fair market value of the uniform at the time it is returned. For purposes of this subsection:

> (1) a uniform does not include a handgun or other weapon; and

> (2) the fair market value of a uniform is determined by the department.

> (b) An officer wearing a uniform purchased under Subsection (a) may not act in a manner that adversely affects the operations or reputation of the department.

> (c) The department shall adopt reasonable guidelines regarding:

> (1) the types of law enforcement services for which an officer may purchase and wear a uniform under Subsection (a) and the circumstances under which the officer may perform those services; and

> (2) the standards of behavior to be maintained by an officer who wears a uniform purchased under Subsection (a).

*Id.* § 411.0078 (Vernon 1998).

With respect to all commissioned peace officers employed by the state or by political subdivisions of the state, chapter 1702 of the Occupations Code, which regulates the private security industry, expressly requires persons employed in certain named professions related to law enforcement, including noncommissioned security officers, to register with the Texas Commission on Private Security ("TCPS");[7] the chapter generally requires that persons employed as

---

[7]Section 1702.221, Occupations Code, provides:

> An individual must register with the commission as provided by commission rule if the individual:

> (1) is employed as an alarm systems installer, alarm systems monitor, electronic access control device installer, locksmith, dog trainer, manager or branch office manager,

(continued...)

commissioned private security officers have a security officer commission from TCPS. *See* TEX. OCC. CODE ANN. §§ 1702.161-171 (Vernon 2004). However, the license and registration requirements of chapter 1702 do not apply to commissioned peace officers who receive compensation for off-duty employment as security officers. Section 1702.322 of the Occupations Code sets forth an exemption from the license and registration requirements of chapter 1702:

This chapter does not apply to:

(1) a person who has full-time employment as a peace officer and who receives compensation for private employment on an individual or an independent contractor basis as a patrolman, guard, extra job coordinator, or watchman if the officer:

(A) is employed in an employee-employer relationship or employed on an individual contractual basis;

(B) is not in the employ of another peace officer;

(C) is not a reserve peace officer; and

(D) works as a peace officer on the average of at least 32 hours a week, is compensated by the state or a political subdivision of the state at least at the minimum wage, and is entitled to all employee benefits offered to a peace officer by the state or political subdivision;

(2) a reserve peace officer while the reserve officer is performing guard, patrolman, or watchman duties for a county and is being compensated solely by that county;

(3) a peace officer acting in an official capacity in responding to a burglar alarm or detection device; or

---

[7](...continued)
noncommissioned security officer, private investigator, private security consultant, or security salesperson; or

(2) is an owner, officer, partner, or shareholder of a license holder.

TEX. OCC. CODE ANN. § 1702.221 (Vernon 2004).

> (4)    a person engaged in the business of electronic monitoring of an individual as a condition of that individual's community supervision, parole, mandatory supervision, or release on bail, if the person does not perform any other service that requires a license under this chapter.

*Id.* § 1702.322; *see also* Tex. Att'y Gen. LO-97-069.

As to the wearing of uniforms by peace officers other than those employed by DPS when they are employed off-duty, this office has concluded that, because no state statute expressly forbids the practice, the issue is one for the political subdivision employing the commissioned peace officer.

> We are not aware of any statute precluding a properly commissioned peace officer from wearing his or her uniform and badge while working off-duty outside his jurisdiction. *But see* TEX. PEN. CODE ANN. § 37.12 (Vernon Supp. 2002) (false identification as a peace officer). We suggest, however, that a peace officer consult his or her employer's regulations regarding officers' off-duty employment. *See, e.g.,* TEX. GOV'T CODE ANN. § 411.0078(c) (Vernon 1998) (providing that Texas Department of Public Safety shall adopt reasonable regulations regarding types of off-duty law enforcement services for which officer commissioned by department may wear department uniform.).

Tex. Att'y Gen. Op. No. JC-0466 (2002) at 8.

If the legislature had intended for off-duty employment as private security officers by commissioned peace officers employed by the state or a political subdivision to constitute a violation *per se* of section 36.07 of the Penal Code, it would not have exempted such officers from the reach of the registration and licensing requirements of chapter 1702 of the Occupations Code. Nor would it expressly have directed the Texas Department of Public Safety to adopt "reasonable regulations" regarding off-duty employment by commissioned peace officers employed by the department.

## II.    **Conclusion**

We believe it is unlikely that the legislature intended section 36.07 of the Penal Code to apply to commissioned peace officers working off-duty. However, even assuming *arguendo* that the legislature did intend for it to apply, we do not believe that the test for violation of that section is met in the typical peace officer off-duty employment situation. Given the rigorous training and certification required of peace officers, an officer's expertise and knowledge most likely serve as the reason for which his services are sought, and accordingly, no violation of section 36.07 exists.

## S U M M A R Y

We believe it is unlikely that the legislature intended section 36.07 of the Penal Code to apply to commissioned peace officers working off-duty. However, even assuming *arguendo* that the legislature did intend for it to apply, we do not believe that a typical peace officer off-duty employment situation meets the test for violation of that section. Given the rigorous training and certification required of peace officers, an officer's knowledge and expertise would be the most likely reasons for which his services are sought, and accordingly acceptance by a commissioned peace officer of compensation for performing services as an off-duty private security officer would not constitute an honorarium in violation of section 36.07 of the Penal Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Jim Moellinger
Assistant Attorney General