ACCEPTED
12-15-00171-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/28/2015 11:22:57 AM
Pam Estes
CLERK

CASE NO. 12-15-00171CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

JIMMY ANDREW DAVIS, JR., Appellant

Vs.

THE STATE OF TEXAS, Appellee

On Appeal from the

3RD  Judicial District Court,
Anderson County, Texas

(Trial Court No. 31760)

Honorable MARK CALHOON

BRIEF OF APPELLANT

MARK W. CARGILL
TBC# 00787201
701 N. Elm
Palestine, Texas 75801
903/729-8011

COUNSEL FOR APPELLANT

ORAL ARGUMENT WAIVED

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

9/28/2015 11:22:57 AM

PAM ESTES
Clerk

FILED

9/28/2015

Twelfth Court of Appeals
Pam Estes
Clerk

1

# **PARTIES**

*JIMMY ANDREW DAVIS, JR. APPELLANT*

*Mark W. Cargill*
*Attorney for Defendant/Appellant*
*701 N. Elm*
*Palestine, Texas 75801*

*Allyson Mitchell*
*District Attorney*
*500 N. Church Street*
*Palestine, Texas 75801*

# TABLE OF CONTENTS

**Page**

Table of Contents………………………………………………………………………… 3

Index of Authorities……………………………………………………………………... 4

Statement of the Case…………………………………………………………………… 6

Point of Error Number One……………………………………………………………… 6

Statement of Facts……………………………………………………………………… 6

Point of Error Number One Restated…………………………………………………….. 6

Summary of Argument …………………………………………………………………... 6

Argument ………………………………………………………………………………... 7

Prayer…………………………………………………………………………………… 9

Certificate of Service……………………………………………………………………... 10

# INDEX OF AUTHORITIES

## CONSTITUTIONS

*U.S. CONST. amend VIII*............................................................................ *6*

*TEX. CONST. art. I sec. 13* ................................................................. *6*

## STATUTES

*Tex. Pen. Code Ann. Sec. 12.34*.............................................................. *8*

## CASES

### Federal

*Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680,*
*115 L. Ed. 2d 836 (1991)*                                                                 *7*

*McGruder v. Puckett, 954 F. 2d 313 (5th Cir.), cert. denied, 506 U.S. 849,*
*113 S. Ct. 146, 121 L. Ed. 2d 98 (1992)*                                                  *7*

*Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)*                    *7*

### State

*Bell v. State, 233 S.W. 3d 583 (Tex. App. Waco 2007, pet dismissed)*                      *8, 9*

*Davis v. State, 905 S.W. 2d 664 (Tex. App – Texarkana 1995, pet. ref'd)*                  *7*

*Dunn vs. State, 997 S.W. 2d 885 (Tex. App. – Waco 1999, pet. ref'd)*                      *7*

*Hernandez v. State, 10 S. W. 3d 812 (Tex. App. – Beaumont 2000, pet. ref'd)*              *7*

*Hicks v. State, 15 S.W. 3d 626 (Tex. App. – Houston [14th dist. ] 2000,*
*pet ref'd)*                                                                               *7*

*Hoitt v. State, 28 S.W. 3d 162 (Tex. App. Texarkana 2000, no pet)*                        *8,9*

*Jackson v. State, 989 S.W. 2d 842 (Tex. App. – Texarkana 1999, no pet.)*                  *8*

*Lackey v. State, 881 S.W. 2d 418 (Tex. App. – Dallas 1994, pet ref'd)*                    *7*

*Lilly v. State, 365 S.W.3d 321 (Ct of Crim Appeals, April 18, 2012)*                      *8,9*

*Matthews v. State, 918 S.W. 2d 666 (Tex. App. – Beaumont 1996, pet ref'd)*                *7*

*McCoy v. State, 932 SW 2d 720, (Tex. App. 1996, pet refused)*                             *8,9*

*Puga v. State, 916 S.W. 2d 547 (Tex. App. – San Antonio 1996, no pet.)*                   *7*

*Simmons v. State, 994 S.W. 2d 11 (Tex. App. – Tyler 1996, pet. ref'd)*                    *7*

*Sulivan v. State, 975 S.W.2d 755 (Tex. App. – Corpus Christi 1998, no pet.)*              *7*

CASE NO. 12-15-00171CR

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

JIMMY ANDREW DAVIS, JR. Appellant

Vs.

THE STATE OF TEXAS, Appellee

On Appeal from the

3RD Judicial District Court,
Anderson County, Texas

(Trial Court No. 31760)

Honorable MARK CALHOON

BRIEF OF APPELLANT

MARK W. CARGILL
TBC# 00787201
701 N. Elm
Palestine, Texas 75801
903/729-8011

COUNSEL FOR APPELLANT

ORAL ARGUMENT WAIVED

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, JIMMY ANDREW DAVIS, JR. the Appellant, and files this his

Brief of Appeal in the above-entitled and numbered cause.

## STATEMENT OF THE CASE

On March 24, 2015, Defendant, JIMMY ANDREW DAVIS, JR., was found guilty of MANUFACTURING AND DELIVERY OF A CONTROLLED SUBSTANCE PG1 <1G, DRUG FREE ZONE in a jury trial, on 6/5/2015 the Court sentenced him to 30 years in the Texas Department of Criminal Justice Institutional Division. Defendant timely appealed.

## ISSUE PRESENTED

## POINT OF ERROR NUMBER ONE

The trial court errored in rendering judgment and sentencing Appellant to 30 years incarceration because that sentence was grossly disproportionate when considered in light of other sentences for the same offense and in light of the facts and circumstances which constituted the offense.

## STATEMENT OF FACTS

The Court considered all testimony of the punishment trial and other testimony from Defendant and other witnesses to render their sentence. (Sentencing RR Vol. 1, page 12)

## POINT OF ERROR NUMBER ONE RESTATED

The sentence is excessive and is grossly disproportionate to the crime committed.

## SUMMARY OF ARGUMENT

Each Defendant is guaranteed under the constitution of punishment free if cruel and unusual treatment. To sentence a Defendant to a sentence that is

disproportionately high violates the prohibition against cruel and unusual punishment.

## **ARGUMENT**

Both the United States Constitution and the Texas Constitution prohibit cruel and unusual punishment.  US Const. amend. VIII; Tex. Const. art I sec. 13.  Since there are not any distinctions between the state and federal protections against cruel or unusual punishment, an appeals court should address such claims together.  See **Simmons v. State**, 944 S.W. 2d 11, 14 (Tex. App. – Tyler 1996, pet. Ref'd) __Davis v. State__, 905 S.W.2d 664, 665 (Tex. App. – Texarkana 1995, pet. ref'd).

It is possible for a sentence to fall within a permitted punishment range and yet "run afoul of the Eighth Amendment prohibition on cruel and unusual punishment.  "**Solem v. Helm**, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009, 77 L. Ed. 2d 637 (1983).  The Supreme Court revised the question of disproportionate sentences in **Harmelin v. Michigan**, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991).  In discussing **Harmelin**, the Fifth Circuit has stated that "disproportionality survies: Sloem does not." **McGruder v. Puckett**, 954 F 2d 313, 316 (5th Cir.), cert. denied 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992).  Under **McGruder**, a court must first determine whether the sentence is "grossly disproportionate to the offense." **McGruder**, 954 F. 2d at 316.  Once the court of Appeals finds the sentence grossly disproportionate, the court then considers the remaining factors of the **Solem** test and compares the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.  Several immediate Texas courts have analyzed proportionality claims in the manner

7

recommended by the Fifth Circuit in *McGruder*.  See *Hicks v. State*, 15 S.W. 3d 626 (Tex. App. – Houston {14th Dist. } 2000, pet. ref'd); *Hernandez v. State*, 10 S.W. 3d 812 (Tex. App. – Beaumont 2000, pet. ref'd); *Dunn v. State*, 997 S.W. 2d 885 (Tex. App. – Waco 1999, pet. ref'd) *Sullivan v. State*, 975 S.W. 2d 755, 757 (Tex. App. – Corpus Christi 1998, no pet.); *Puga v. State*, 916 S.W. 2d 547, 549-50 (Tex. App. - San Antonio 1996, no pet.); *Matthews v. State*, 918 S.W.2d 666, 668-69 (Tex. App. – Beaumont 1996, pet. ref'd) an *Lackey v. State*, 881 S.W. 2d 418, 420-421 (Tex. App. – Dallas 1994, pet ref'd). The Eighth Amendment proscribes grossly disproportionate sentences, even sentences that fall within the statutory range of punishment.  *Jackson v. State*, 989 S. W. 2d 842, 845-46 (Tex. App. – Texarkana 1999, no pet).

Appellant was charged with a 3rd degree felony offense of Manufacturing/Delivering of Controlled Substance PG1<1G, drug free zone.

Appellant was found guilty to the charged offense but his punishment was grossly disproportionate to the crime.  An individual adjudged guilty of a felony of this degree shall be punished by imprisonment in the institutional division for any term of not more than 10 years or less than 2 years and in addition to the imprisonment, may be assessed a fine not to exceed $10,000.00.   Additionally, Defendant had enhancements of previous convictions which made the range of punishment not more than 99 years to life or less than 25.

The sentence of 30 years' incarceration is grossly disproportionate.

In terms of other manufacturing/delivery of controlled substance PG1<1G drug free zone cases, the facts which made up the gist of the manufacturing/delivery

of controlled substance PG1<1G drug free zone, now before this Court, this Court must conclude that the punishment assessed, the sentence of 30 years' confinement is grossly disproportionate to the offense committed.

Accordingly, this Court must proceed to the next two steps in the ***McGruder*** analysis: (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. Appellant is guilty of the offense charged, but his punishment is excessive. Punishment for the worst possible manufacturing/delivery of a controlled substance PG1<1G, drug free zone cannot exceed a 10 years sentence life with enhancements. Appellant was sentenced to 30 years. It is clear that other much more serious manufacturing/delivery of a controlled substance PG1<1G drug free zone convictions resulted in significantly less harsh sentences than Appellant received. Simply stated, the punishment assessed against Appellant, while legally within the range of punishment available to the Court, exceed what was right and fair. Thirty years' confinement in prison is not proportionate for the offense of manufacturing/delivery of a controlled substance PG 1<1G drug free zone in this situation and under these facts and circumstances. Accordingly, the sentence must not stand. Appellant is entitled to a new punishment hearing.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays this Honorable Court sustain the point of error raised hereinabove, and vacate the commitment to the Texas Department of Corrections Institutional Division remand the case for a new sentencing hearing.

9

Respectfully submitted,

**CARGILL & ASSOCIATES**

*Mark W Cargill*

BY:    /s/ Mark W. Cargill
       Mark W. Cargill
       SBN:  00787201
       701 N. Elm
       Palestine, Texas 75801
       Telephone:  903/729-8011
       Facsimile:  903/729-5112
       cargillaw@earthlink.net

*Attorney for Appellant*

### CERTIFICATE OF SERVICE

This is the certify that on September 27, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Anderson County, and all other interested parties, by hand delivery, mail, and/or facsimile and regular mail.

*Mark W Cargill*
/s/Mark W. Cargill
Mark W. Cargill

### Word Count

On this 27th day of  September 2015, I, Mark W. Cargill, hereby certifies that this brief has a word count of  1598.

*Mark W Cargill*
Mark W. Cargill